

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00378-CV

**RICHARD DE LEON, JR., INDIVIDUALLY AND
D/B/A SURVEY SOLUTIONS OF TEXAS AND
XAVIER CHAPA,**

                                        **Appellants**

 **v.**

**JAMES BAKER AND CONNIE BAKER,**

                                        **Appellees**


**From the County Court at Law
Walker County, Texas
Trial Court No. 13897CV**

## DISSENT

My understanding of the Court's opinion is that because the Court is not considering the appendices utilized without objection by the parties, and because there may be nothing in the existing appellate record which conclusively establishes either defendant is a registered professional surveyor, that the interlocutory order denying the motion to dismiss because no certificate of merit was attached to the plaintiff's petition is being affirmed.

I have grave concerns about that route to a disposition of this appeal because not only has no one argued that as a basis for affirming the trial court's order, it seems to be undisputed; and everyone seems to confess/assume/concede that at least one of the named defendants is a registered professional land surveyor. Moreover, appendix Tab 14 is a copy of the appellees' amended petition with a certificate of merit attached that states that the affiant, Xavier Sandoval, is a registered professional land surveyor *which is the same professional license as Xavier Chapa*. (Emphasis added). From the copy in the appendix before us, it appears this document is in the clerk's file but not the clerk's record.

A question remains whether we can, or should, be able to rely upon documents filed after the trial court's order that is the subject of an interlocutory appeal. If it was jurisdictional we could, but I do not think that this is jurisdictional. But notwithstanding the interlocutory appeal, the case proceeded in the trial court, and there are now things in the clerk's file which unquestionably negate the basis of the Court's disposition of this appeal. We do not know what else was already in the record at the time of the trial court's decision which would negate the basis of disposing of the interlocutory appeal raised only by the Court.

If the Court wants to affirmatively address the issue, I think the proper way to do it would be, pursuant to TEX. R. APP. P. 44.3, notify the parties of the defect in procedure which is the attempted use of an appendix in lieu of a clerk's record, identify the defect in the appeal that we cannot rely upon documents outside the appellate record, and allow the parties the opportunity to designate items to be included in a supplemental clerk's

record which would then become part of the appellate record. The other issue will be what discovery has been filed so that the clerk may also include it in the clerk's record. We could then require supplemental briefing, if necessary, and thereafter reach the merits of the actual issues already raised in this appeal.

Because the Court, without complying with TEX. R. APP. P. 44.3, disposes of this appeal on purely procedural grounds that could potentially be cured, I respectfully dissent.


TOM GRAY
Chief Justice

Dissent delivered and filed October 19, 2023

